IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY CAVE                         :
                                   :
v.                                 :       CIVIL NO. L-02-825
                                   :
THE WINDERMERE GROUP, L.L.C.       :

### MEMORANDUM

Now before the Court is Defendant The Windermere Group, L.L.C.'s ("Windermere"), Motion to Dismiss and Plaintiff Nancy Cave's Motion for Leave to File Amended Complaint.[1] As the motions have been fully briefed, the Court will dispense with a hearing. See Local Rule 105.6 (D. Md. 2001). For the reasons stated below, the Court will, by separate Order,

(i)   GRANT Plaintiff's Motion to File a Second Amended Complaint;

(ii)  GRANT Defendant's Motion to Dismiss Counts III and V; and

(iii) DENY Defendant's Motion to Dismiss Counts I, II, IV and VI.

### I.   Background

This is an employment discrimination case. On March 25, 2002, Plaintiff filed a five-count Amended Complaint. The Amended Complaint alleges (i) disparate treatment based on race, (ii) breach of an implied contract or promissory estoppel, (iii) breach of an implied duty of good faith and fair dealing, (iv) negligent misrepresentation, and (v) intentional infliction of emotional distress. On April 23, 2002, Defendant filed a Motion to Dismiss. Defendant's motion contends that Plaintiff's entire complaint should be dismissed for insufficiency of

---

[1] Plaintiff filed her original complaint on March 18, 2002, and an Amended Complaint on March 25, 2002. The motion filed on July 22nd, therefore, should have been a Motion to file a *Second* Amended Complaint. The Court will refer to the complaint under consideration as the Second Amended Complaint.



process, and, additionally, Counts II, III, IV and V should be dismissed for failure to state a claim upon which relief can be granted.

On July 22nd, and again on August 23rd, Plaintiff filed a motion for leave to file a second amended compliant. The Second Amended Complaint proposes to (i) change Count V from intentional infliction of emotional distress to negligent infliction of emotional distress and (ii) add a count for detrimental reliance. Defendant opposes Plaintiff's motion to file a second amended complaint. Defendant argues that these counts should not be added because they fail to state a claim.[2]

## II.  Motion to Dismiss Standard

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

## III.  Analysis

### A.  Plaintiff's Motion for Leave to File an Amended Complaint is Granted

---

[2]Because the Second Amended Complaint has been accepted, in the interest of judicial efficiency, the Court will treat Defendant's papers in opposition to the filing of the Second Amended Complaint as papers in further support of dismissal.

A party may amend a complaint at any time by leave of court, so long as no prejudice would result to the non-moving party. Fed. R. Civ. P. 15(a). The Court finds no prejudice in allowing the Plaintiff to file a Second Amended Complaint. The amended complaint filed on July 22, 2002, is, therefore, accepted.

### B. Improper Service of Process is Not Grounds for Dismissal in the Instant Case

In its Motion to Dismiss, filed on April 23rd, Defendant argues that Plaintiff failed to effectuate proper service of process. The Court file reflects that on June 21st, Defendant was properly served. The service was within the 120 days required by Federal Rule of Civil Procedure 4(m). This argument is, therefore, moot.

### C. Factual Issues Preclude Dismissal

Defendant contends that Plaintiff has failed to state a claim and/or failed to allege facts sufficient to support her claims for breach of implied contract or promissory estoppel, negligent misrepresentation, and detrimental reliance. These arguments involve factual issues better suited to a post-discovery challenge. The Court is satisfied that Plaintiff has stated sufficient facts to survive a motion to dismiss. Once discovery is completed, Defendant will have an evidentiary basis to contest the sufficiency of the claims. Accordingly, Defendant's motion to dismiss Counts II, IV and VI is DENIED.

### D. Breach of Implied Duty of Good Faith and Fair Dealing

Count III of Plaintiff's Second Amended Complaint alleges a breach of an implied duty of good faith and fair dealing. This claim is not cognizable under Maryland law. As Defendant points out, "Maryland does not recognize a separate cause of action for the breach of implied duty of good faith and fair dealing." Eaglehead Corp. v. Cambridge Capital Group, Inc., 170 F.

Supp.2d 552, 562 (D. Md. 2001). Count III is, therefore, dismissed.

### E. Negligent Infliction of Emotional Distress

Count V of Plaintiff's Second Amended Complaint states a claim for negligent infliction of emotional distress. The law is clear that "Maryland does not recognize an independent claim for negligent infliction of emotional distress." Carson v. Giant Food, Inc., 187 F. Supp. 2d 462, 482 (D. Md. 2002). Count V is, therefore, dismissed.

### VI. Conclusion

For the reasons stated above, the Court shall, by separate Order, GRANT Plaintiff's Motion to File another Amended Complaint, GRANT Defendant's Motion to Dismiss Counts III and V, and DENY Defendant's Motion to Dismiss Counts II, IV and VI without prejudice to refiling as a motion for summary judgment at the end of discovery. A scheduling order will be issued separately.

Dated this 5TH day of November, 2002.

Benson Everett Legg
United States District Judge