IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| NANCY CAVE<br><br>        Plaintiff<br><br>   v.<br><br>THE WINDERMERE GROUP, L.L.C.<br><br>        Defendant | Civil Action No.:  02 CV 825 WDQ |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 104, Defendant, The Windermere Group, L.L.C. (hereinafter "Windermere" or "Defendant"), by and through its undersigned counsel, submits this Memorandum in Support of Defendant's Motion to Compel Responses to Discovery Requests.

**I.**     **Introduction**

On March 18, 2002, Plaintiff Nancy Cave filed in this Court a five count Complaint and Request for Jury Trial (hereinafter, the "Complaint") against Windermere seeking damages. The Complaint alleged disparate treatment in the formation and enforcement of a contract in violation of 42 U.S.C. § 1981 (Count I), breach of implied contract/promissory estoppel (Count II), breach of implied duty of good faith and fair dealing (Count III), negligent misrepresentation (Count IV) and intentional infliction of emotional distress (Count V). Plaintiff sought leave to amend her Complaint. She simultaneously withdrew her claim of intentional infliction of emotional distress and asserted two additional claims: negligent infliction of emotional distress (Count V) and

detrimental reliance (Count VI). On November 5, 2002, the Court granted Plaintiff leave to amend her Complaint but dismissed Counts III and V of the Complaint.

On February 3, 2003, Defendant served upon Plaintiff's counsel its First Request for Production of Documents and First Set of Interrogatories. (*See* Discovery Requests, attached hereto as Exhibit 1). Plaintiff's responses to these discovery requests were due on or before March 5, 2003. On March 2, 2003, Plaintiff's counsel sent a letter to Defendant on behalf of his client requesting an extension to respond to Defendant's discovery requests." (*See* March 2, 2003 letter, attached hereto as Exhibit 2). In an effort to accommodate the Plaintiff, Defendant agreed to this extension. On March 5, Plaintiff's counsel sent a confirmation letter stating "my client will serve upon you her interrogatory responses and your document requests by March 14, 2003. Additionally, I am reserving my client's right to object, if necessary, to the discovery." (*See* March 5, 2003 letter, attached hereto as Exhibit 3). Plaintiff did not respond to the discovery on or before March 14, 2003. In fact, Defendant sent another letter to opposing counsel on March 31, 2003 requesting the promised discovery responses. (*See* March 31, 2003 letter, attached hereto as Exhibit 4)

Plaintiff waited until April 8, 2003, to telefax Defendant's counsel her discovery responses entitled "Plaintiff's Answers to Defendant's First Set of Interrogatories and Production of Document Requests." (*See* Plaintiff's Discovery Responses, attached hereto as Exhibit 5). The responses to the Interrogatories were incomplete and insufficient. Importantly, while Plaintiff indicated that she had provided answers to Defendant's Request for Production of Documents, neither written answers to the document requests, nor responsive documents, were included. Therefore, by letter dated April 10, 2003, Defendant's counsel advised Plaintiff that if

- 2 -

adequate responses were not received by April 14, 2003, Defendant would be forced to file a Motion to Compel.  (*See* April 10, 2003 letter, attached hereto as Exhibit 6).  While Plaintiff produced certain documents on April 14, no supplemental written responses were received.  Plaintiff failed to serve written responses to the document requests; she also did not remedy her responses to the interrogatories.  To date, Plaintiff has failed to provide satisfactory responses to Defendant's discovery requests.  Defendant was therefore compelled to file the instant Motion to Compel.

**II.    Argument**

As the Federal Rules of Civil Procedure contemplate, Defendant is entitled to the discovery of all materials relevant to Ms. Cave's claims and to Windermere's defenses, including information reasonably calculated to lead to the discovery of evidence admissible at trial.  Fed. R. Civ. P. 26(b).  *See generally Herbert v. Lando*, 441 U.S. 153, 177 (1979) (the discovery rules are to be accorded broad and liberal construction); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (same).  In accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant served timely and proper interrogatories and document requests.  On its face, the discovery propounded to Plaintiff was reasonable in scope and focused on issues appropriate for discovery.  In fact, Plaintiff's counsel indicated that Plaintiff intended to fully respond to Defendant's discovery requests.  Despite such intentions, however, to date, Plaintiff has failed to adequately and timely respond, or otherwise object to Defendant's discovery requests.  *See* Fed. R. Civ. P. 33 ("The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections, if any, within 30 days after the service of the interrogatories."); Fed. R. Civ. P. 34 ("[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request").

Plaintiff has failed to serve any written response to Defendant's Request For Production of Documents. While Plaintiff produced certain documents, in the absence of written answers indicating which documents correspond to which request, Plaintiff's responses are nonsensical and have no meaning to Defendant. Once a party receives a request for production of documents, Fed. R. Civ. P. 34(b) requires that a written response be served within 30 days after service of the request for document production. The opponent must serve a response either saying the request will be granted or stating reasons why it objects to the request. *Lee v. Flagstaff Industries Corp.*, 173 F.R.D. 651, 655 (D. Md. 1997). An evasive or incomplete disclosure, answer or response is to be treated as failure to disclose, answer or respond. Fed. R. Civ.P.37(a)(3). The court in *Lee v. Flagstaff Industries Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) recognized that there are only three appropriate responses to a request for production of documents: (1) objections; (2) an answer agreeing to the requested manner of production; and (3) a response offering a reasonable alternative production. None of those responses were used in this case and thus Plaintiff has failed to respond to Windermere's Request for Production of Documents. By failing to submit written responses to the request for documents, Plaintiff has also waived her objections.

Moreover, the written answers to the Defendant's Interrogatories are incomplete and therefore improper. Plaintiff failed to state any objections to the Interrogatories. In fact, a substantial number of the Interrogatory answers state "Previously Answered" with no indication of where these "previous answers" can be found. (*See* Responses to Interrogatory Nos. 14, 18, 19, 20, 23, attached hereto as Exhibit 5). Interrogatories are propounded in order to identify witnesses, gather relevant facts, ascertain an opponent's legal theories, and obtain admissions. *Lee v. Flagstaff Industries Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997) (because interrogatory

answers frequently serve as a foundation for additional discovery, interrogatories are most helpful when answered early in litigation). Once propounded, Fed. R. Civ. P. 33(b)(3) mandates that answers and objections to the interrogatories be filed within 30 days after the service of the interrogatories. Any ground for objecting to an interrogatory is waived if not stated timely. Fed. R. Civ. P. 33(b)(4). Further, pursuant to Fed. R. Civ. P. 37(a)(3), an evasive or incomplete response is to be treated as a failure to disclose, answer or respond.

The responses to Windermere's interrogatories are not complete. Plaintiff has not timely stated her objections and therefore her grounds for objecting to the Interrogatories are waived. Further, the responses Plaintiff has provided are deficient in that they are not responsive to the Interrogatories. Windermere moves to compel further responses to the following interrogatories**:**

**INTERROGATORY NO. 4**. Describe in detail all facts upon which you base your allegation that in April 2001, Defendant asserted that it would facilitate the transfer of your security clearances.

**RESPONSE**: I told Bernard Bigelow and he told me to call Susan Bursinski. That's when she reassured me that it would be taken care of.

**REASON TO COMPEL FURTHER RESPONSE**: Plaintiff's response in incomplete in that Plaintiff fails to provide any details or dates regarding her conversations with Mr. Bigelow or Ms. Bursinski. Plaintiff must provide the details of when the conversations took place and the exact substance of the conversation.

**INTERROGATORY NO. 5**: Describe in detail all facts upon which you base your allegation that Defendant's Security Manager made statements known to be false or in reckless indifference to the truth when she allegedly gave assurances to you that Defendant would transfer your security clearances in a timely manner and that it was "taken care of" by Defendant's officials, including but not limited to the name of the Security Manager, the date upon which you allege that such as comment was made, and the identity of any witnesses to the alleged statement.

**RESPONSE**: I relied upon Susan Bursinski statement because she is the Security Manager, representing Windermere. I went to CIA security to verify my clearance and they gave me the following dates: Background Investigation 4/24/01, Polygraph 2/5/98, Top Secret 4/10/02.

**REASON TO COMPEL FURTHER RESPONSE**: Plaintiff's response is incomplete in that Plaintiff fails to provide any details or dates regarding her conversation with Ms. Bursinski. Plaintiff must provide the details of when the conversation took place and the exact substance of the conversation. Additionally, Plaintiff is required to provide the facts that support the claim that the statement was "known to be false or in reckless indifference to the truth." She fails to do so.

**INTERROGATORY NO. 6**: Describe in detail all facts upon which you base your allegation that you relied on the statements made by Defendant's Security Manager and did not pursue any other means to ensure the continuation of your security clearances.

**RESPONSE**: Once sent home on PT-ON-CALL-ADMIN-LV-w/o-PAY on 8/01. I contacted Joan Velar at CIA Employment Verification and Andrew East, Chief/OTC Security. I was told that there had been no request of my employee records or security clearances. I just needed my sponsor (Windermere via NSA) to request my file.

**REASON TO COMPEL FURTHER RESPONSE**: Plaintiff's answer is non-responsive to the request in that Plaintiff provides no facts regarding the actions she took in reliance upon the alleged statements by Defendant.

**INTERROGATORY NO. 7**: Describe in detail all facts upon which you base your allegation that your security clearance was revoked because of Defendant's failure to transfer such security clearances in a timely manner.

**RESPONSE**: I have applied for several federal contracting positions and have received offers and have even worked for BAE. I was told by BAE someone was holding my file, and I sent me home at the end of the week. I have had a job with Northrop and Grumman, CSC, ADI, ATS, and Verizon, but I was told the same thing. Other positions I have applied I was told I was over qualified and or they think I was fired and don't want to verify my employment because they are intimidated by the name CIA.

**REASON TO COMPEL FURTHER RESPONSE**: Plaintiff's answer is non responsive. Plaintiff fails to provide any facts related her claim that her security clearance was revoked because of Defendant's failure to act.

**INTERROGATORY NO. 8**: Describe in detail all facts upon which you base your allegation that you have been unable to secure subsequent employment as set forth in your Complaint and/or Second Amended Complaint.

**RESPONSE**: I interviewed with Robert George and he reassured me of the position and he had prayer with me. Mr. George is also Rev. George at St. John Freewill Baptist Church as an Assistant Pastor or Sons of the church. I received the offer letter and I wanted to change the

monetary offer, so I called and spoke with Linda Lynn.  Mrs. Lynn told me to make the changes, and then sign and return.  Bernard Bigelow reassured me of the stability and loyalty Windermere has with their employees.  Then I was instructed by Bernard Bigelow to contact Susan Bursinski and she said they would just cross over in 6-8 weeks.

**REASON TO COMPEL FURTHER RESPONSE**:  Plaintiff's answer is non-responsive.  Plaintiff is required to provide all facts related to her search for subsequent employment and the results of said searches.  She has failed to do so.

**INTERROGATORY NO.9**:  Describe in detail all facts upon which you base your allegation that Defendant owed you a duty when it allegedly assured you during your pre-employment negotiations that it would facilitate the transfer of your security clearances upon your resignation from your employment with the CIA.

**RESPONSE**: I contacted CIA to re-verify my clearances and if anyone had requested my employee file and clearances.  The answer was still no.  I then called NSA Security, Kim Maddox and she NSA was holding my file because they were waiting on Windermere, Susan Bursinski to contact them in reference to the paperwork.  Susan had me listed as a CCA and not a Single Track and NSA needed the proper paperwork submitted.

**REASON TO COMPEL FURTHER RESPONSE**:  The existence of a duty is predicated on the relationship and/or interactions between Plaintiff and Defendant.  Plaintiff's response provides no facts related to the existence of a relationship between Plaintiff and Defendant or the interactions that would establish the claimed duty.

**INTERROGATORY NO. 10**:  Describe in detail all facts upon which you base your allegation that Defendant breached a duty to you when it allegedly failed to promptly facilitate the transfer as set forth in your Complaint and/or Second Amended Complaint.

**RESPONSE**:  Windermere knew I had 16 years of service with CIA and I had job stability.  Robert George reassured me, and Susan Bursinski that this would be a smooth transition, which would only took 6-8 weeks to complete.

**REASON TO COMPEL FURTHER RESPONSE**:  Plaintiff's response neither sets forth the facts establishing the alleged duty nor the actions of Defendant that breached the claimed duty.

**INTERROGATORY NO. 11**:  Describe in detail all facts upon which you base your allegation that Defendant allegedly knew that you would rely upon the assertions set forth in your Complaint and/or Second Amended Complaint when you resigned your employment with the CIA.

**RESPONSE**: I have not been able to be gainful employed, because they think that I was fired from CIA because who in their right mind would resign after 16 years of employment to go contract and be sent home as well. "Are you sure they (Windermere or CIA) didn't fire you?" I have no health coverage for my children or myself I recently went to social services to apply for a Medicaid care for my children. I am still pending my medical assistant approval. My house is in foreclosure and I don't expect to be her much longer. And my car has been. reposed, but my father helped me retrieve my car back. The only source of income I have is child support when that comes in.

**REASON TO COMPEL FURTHER RESPONSE**: The answer is non-responsive. It provides no information related to the alleged knowledge of Defendant regarding Plaintiff's alleged reliance.

**INTERROGATORY NO. 12**: Describe in detail all facts upon which you base your allegation that there is a proximate cause and injury to you and your family solely due to Defendant's alleged breach of a duty owed to you.

**RESPONSE**: I was told by Andrew East at CVIA that I only needed sponsorship, because no one has requested my file and that's the only way I could have my clearances reactivated.

**REASON TO COMPEL FURTHER RESPONSE**: Plaintiff's answer does not set forth the actions of Defendant that allegedly caused her injury. Moreover, the response does not specify the Plaintiff's injuries.

**INTERROGATORY NO. 13**: Describe in detail all facts upon which you base your allegation that you cannot become re-employed in the intelligence community until Defendant sponsors you by facilitating your applications for clearance.

**RESPONSE**: My car was repossessed on my birthday (12/23/02) and my father assisted me in retrieving my car back after the holiday. My house is presently in foreclosure and it was placed on auction 2/13/03. The bank brought it back and they are now trying to sell the property. I have no health insurance or 401K plan for retirement. I can't afford to pay for my doctor's visit up front or even be billed. I am struggling to keep my eldest child in college, because I have to pay a promissory note of $200.00 per month for her.

**REASON TO COMPEL FURTHER RESPONSE**: Plaintiff's answer is non-responsive. Plaintiff is required to set forth the facts that support her claim that she cannot become re-employed in the intelligence community until Defendant sponsors her.

**INTERROGATORY NO. 14**: Describe in detail all facts upon which you base your allegation that you have sustained dire financial consequences and detriment to your career solely as a result of Defendant's alleged breach of a duty.

**RESPONSE**:  Previously answered.

**REASON TO COMPEL FURTHER RESPONSES**:  Plaintiff does not indicate where this Interrogatory was previously answered.  Moreover, the Interrogatory was not previously asked and Plaintiff should be required to provide a full response.

**INTERROGATORY NO. 15**: Please identify each document not previously identified that you claim may support the allegations contained in your Complaint and/or Second Amended Complaint, including the name or title of the document, the author of the document, the general subject matter of the document, where a copy of the document is located, and the bates stamp number(s) if the document is being produced in response to Defendant's Request for Production of Documents.

**RESPONSE**:  Lost wages, mental anguish and suffering, lost benefits, letter of reference and attorney fees.

**REASON TO COMPEL FURTHER RESPONSE**:  Plaintiff's answer fails to identify the documents that support her allegations.

**INTERROGATORY NO. 16**:  Please itemize and fully describe each and every element of damages which you seek to recover in this lawsuit.

**RESPONSE**:  I have had spiritual counseling from my pastor Rev.  Freddie Davis and Rev. Connie Gore.  I've had special prayer with Bishop Blunt and Sister B. Johnson because of the emotional and financial distress I have endured.  I have even gone to my church to get help with paying my mortgage on several occasions.

**REASON TO COMPEL FURTHER RESPONSE**:   Plaintiff's answer is wholly non-responsive.  Plaintiff is required to provide each item of damage which she seeks to recover in this lawsuit.

**INTERROGATORY NO. 17**:  Describe in detail all facts which support your allegation as set forth in your prayer for relief regarding any emotional distress you claim to have suffered.

**RESPONSE**:  Lost wages itself is $60,000.00 per year and it has been 18 months since I have had any income from working.  I have no benefits or retirement saved in a 401K plan because I am unemployed.  I also have outstanding attorney fees and I am currently behind on other debts, due to unemployment.

**REASON TO COMPEL FURTHER RESPONSE**:  The answer is non-responsive.  Plaintiff is required to set forth the facts that support her claim of emotional distress.

**INTERROGATORY NO. 18**: Describe in detail the manner by which you calculated compensatory damages in excess of $50,000, including, but not limited to, how the amount was calculated, what documents were relied upon to calculate the amount, the person calculating the amount, and the method of calculating the amount.

**RESPONSE**: Previously answered.

**REASON TO COMPEL FURTHER RESPONSE**: Plaintiff does not indicate where this Interrogatory was previously answered. Moreover, the Interrogatory was not previously asked and Plaintiff should be required to provide a full response.

**INTERROGATORY NO. 19**: Describe in detail the manner by which you calculated punitive damages in the amount of $1,250,000.00, including, but not limited to, how the amount was calculated, what documents were relied upon to calculate the amount, the person calculating the amount, and the method of calculating the amount.

**RESPONSE**: Previously answered.

**REASON TO COMPEL FURTHER RESPONSE**: Plaintiff does not indicate where this Interrogatory was previously answered. Moreover, the Interrogatory was not previously asked and Plaintiff should be required to provide a full response.

**INTERROGATORY NO. 20**: Describe in detail the manner by which you calculated damages in the amount of $50,000 for lost wages, humiliation, and embarrassment you claim in accordance with Maryland law, including, but not limited to, how the amount was calculated, what documents were relied upon to calculate the amount, the person calculating the amount, and the method of calculating the amount.

**RESPONSE**: Previously answered.

**REASON TO COMPEL FURTHER RESPONSE**: Plaintiff does not indicate where this Interrogatory was previously answered. Moreover, the Interrogatory was not previously asked and Plaintiff should be required to provide a full response.

**INTERROGATORY NO. 21**. Describe in detail the manner by which you calculated punitive damages in the amount of $250,000 you claim in accordance with Maryland law, including, but not limited to, how the amount was calculated, what documents were relied upon to calculate the amount, the person calculating the amount, and the method of calculating the amount.

**RESPONSE**: Previously answered.

**REASON TO COMPEL FURTHER RESPONSE**:  Plaintiff does not indicate where this Interrogatory was previously answered.  Moreover, the Interrogatory was not previously asked and Plaintiff should be required to provide a full response.

**INTERROGATORY NO. 23**:  Identify each person that you expect to call as a fact witness at trial, and for each such witness, state the subject matter oil which the witness is expected to testify, state the substance of the facts to which the witness is expected to testify and identify (or, in the alternative, attach copies of) all documents provided to or received from the witness.

**RESPONSE**:  Previously answered.

**REASON TO COMPEL FURTHER RESPONSE**:  Plaintiff does not indicate where this Interrogatory was previously answered.  Moreover, the Interrogatory was not previously asked and Plaintiff should be required to provide a full response**.**

**INTERROGATORY NO. 24**:  Describe in detail any complaints ever made by you to any person concerning any alleged discrimination of any type involving you or anyone else, during your employment with Defendant.

**RESPONSE**:  I was never told that there were any complaints or discrimination.

**REASON TO COMPEL FURTHER RESPONSE**:  Plaintiff fails to state whether or not she ever made any complaints concerning any alleged discrimination.

**INTERROGATORY NO. 25**:  Describe in detail any complaints ever made by you to any employer by whom you were employed prior to, and/or subsequent to, your employment with Defendant concerning any alleged discrimination of any type of you or anyone else.

**RESPONSE:**  I told Samuel Warman about Beth from HR asking me very rudely to get off the company phone and that I wasn't allowed to use the company phone.  He told me that she was just jealous because the ISG section got paid the most out of all of Windermere.  He went on to say he couldn't stand that fat red head bitch and just use his phone because there were no public phone on the site and that everybody else use the phone for personal use.  Linda Lynn told me, that Beth and others in HR try to complain about her as well, but Samuel Warman wouldn't have it.  Linda told me not to worry about it or take it personally because that's just the way they act.

**REASON TO COMPEL FURTHER RESPONSE**:  The answer is non-responsive because it fails to set forth whether Plaintiff made any complaints to any other employer regarding any alleged discrimination.

**INTERROGATORY NO. 26**:  Describe in detail any and all filings for bankruptcy, including such information as the date of any such filing, the jurisdiction in which it was filed, the status of such filing and whether the bankruptcy has been discharged.

**RESPONSE**:  Not applicable.

**REASON TO COMPEL FURTHER RESPONSE**:  Plaintiff must state specifically whether she has ever filed for bankruptcy.

These non-responsive and incomplete answers do not serve their intended purposes of organizing information and binding the Plaintiff to its responses so that Windermere may use the responses in a trial setting.  *Herdlein Technologies, Inc. v. Century Contractors, Inc. et al*., 147 F.R.D. 103, 105 (W.D.N.C. 1993) (point of interrogatories is to obtain admissions and contentions under oath and to narrow issues in the case).

The Court has substantial discretion in resolving motions to compel.  *See Erdmann v. Preferred Research, Inc.*, 852 F.2d 788, 792 (4th Cir. 1988); *LaRouche v. National Broadcasting Co.,* 780 F.2d 1134, 1139 (4th Cir. 1986).  Defendant submits that the instant situation presents an appropriate circumstance for the Court to exercise this discretion and order Plaintiff to fully and completely respond to Defendant's discovery requests.  Moreover, under the terms of Rule 37 of the Federal Rules of Civil Procedure and Local Rule 104, given the efforts of Defendant's counsel to obtain discovery from Plaintiff, Defendant submits that it is entitled to reimbursement of the costs and expenses it has incurred in attempting to obtain discovery in this matter.  Fed. R. Civ. P. 37(a)(4); Local Rule 104.

Accordingly, Defendant is entitled to the immediate discovery of the documents and information it seeks.

**III.     Conclusion**

For all of the foregoing reasons, Defendant respectfully requests that the Court issue an Order granting its Motion to Compel Responses to Discovery Requests, extending the deadlines in this matter, ordering Plaintiff to reimburse Defendant the costs it has incurred in bringing this Motion, and granting such other relief as this Court may deem just, equitable and proper.

Respectfully submitted,

**/s/**
_____
Theresa M. Connolly
Bar No. 23780
Karen E. Gray
Bar. No. 15339
Piper Rudnick LLP
1775 Wiehle Avenue
Suite 400
Reston, Virginia 20190
(703) 733-5000

Counsel for Defendant
The Windermere Group, L.L.C