## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

NANCY CAVE

    Plaintiff,

 v.           Civil Action No.:  L02 CV 825

THE WINDERMERE GROUP, L.L.C.

    Defendant.

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 and Local Rule 26.2, Defendant, The Windermere Group, L.L.C.

(hereinafter referred to as "Defendant" or "Windermere") hereby requests that Plaintiff respond in

writing and under oath, to the following Interrogatories within thirty (30) days of receipt hereof.

## INSTRUCTIONS

1.  These interrogatories call for information (including information contained in any

document or writing) that is known or available to you, including all information in the

possession or control of attorneys, accountants, employees, agents or representatives.

2  In answering these interrogatories, furnish all information, however obtained, that

is available to you and information known by or in the possession of yourself, your agents, and

your attorneys, or appearing in your records.

3.  If you cannot answer any of these interrogatories fully and completely, after

exercising reasonable effort and due diligence to secure the information requested, you should so

state and answer each such interrogatory to the fullest extent possible, specifying your inability to

answer the remainder, stating whatever information or knowledge you have concerning the

unanswered portion, and detailing what you did in attempting to secure the unknown information. You have a continuing duty to supplement your answers herein in a prompt and timely manner.

4. If you should make any objection(s) to any interrogatory on the ground that it calls for the disclosure of a communication or information protected from discovery by any privilege or doctrine, including, but not limited to, the attorney-client privilege or attorney work product doctrine, you must specify the nature of the privilege or doctrine claimed, describe the precise ground of your claim of privilege, and identify the communication or information that you claim is privileged.

5. Whenever the context permits, the masculine refers to and includes the feminine and the neuter. The singular refers to and includes the plural, the plural refers to and includes the singular, and the conjunctive shall include the disjunctive and vice versa (e.g., the word "and" as well as the word "or" shall mean and include "and/or").

6. Each interrogatory must be answered completely and fully without reference to any other interrogatory.

## DEFINITIONS

1. "You" and "your" and "Plaintiff" mean Plaintiff Nancy Cave.

2. "Defendant" means Defendant The Windermere Group, L.L.C., and all other named and unnamed defendants.

3. "Complaint" means the Complaint filed by Plaintiff in the U.S. District Court for the District of Maryland, Southern Division, Civil No. L02CV825, the Amended Complaint filed by Plaintiff.

4. "Identify," with respect to persons, means set forth the name, business or home

2

address and telephone number of the person.

5.    "Document" means all forms of tangible expression including, but not limited to,

notes, diaries, calendars, notebooks, letters, memoranda, writings, video tapes, audio tapes,

photographs, computer disks, printouts, and data on the hard drives of computers.

6.    "Address" means the street address including the city, state and zip code.

7.    "Lawsuit" includes all administrative matters, criminal suits in any state or federal

court, and civil suits in any state or federal court.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify all persons having personal knowledge of the facts

complained of in your Complaint and/or Second Amended Complaint, summarize the facts of

which each has knowledge and state the relationship, if any, of these persons to you or to each

other, and specify the interrogatory or interrogatories to which each person contributed.

**RESPONSE**:


**INTERROGATORY NO. 2**:  Describe in detail all facts upon which you base your allegation

that you were subjected to discriminatory conduct regarding your race as set forth in your

Complaint and/or Second Amended Complaint, including but not limited to any and all evidence

tending to show similarly situated non-black individuals who were not terminated because their

security clearances were not facilitated, which you state will raise an inference of discriminatory

animus; and identify all persons that you believe have knowledge or information about the facts

supporting this allegation.

**RESPONSE**:

**INTERROGATORY NO. 3**:  Describe in detail all facts upon which you base your allegation that you resigned from your position with the Central Intelligence Agency ("CIA") based upon Defendant's alleged assertion that it would facilitate the transfer of your security clearances.

**RESPONSE:**


**INTERROGATORY NO. 4**:  Describe in detail all facts upon which you base your allegation that in April 2001, Defendant asserted that it would facilitate the transfer of your security clearances.

**RESPONSE:**


**INTERROGATORY NO. 5**:  Describe in detail all facts upon which you base your allegation that Defendant's Security Manager made statements known to be false or in reckless indifference to the truth when she allegedly gave assurances to you that Defendant would transfer your security clearances in a timely manner and that it was "taken care of" by Defendant's officials, including but not limited to the name of the Security Manager, the date upon which you allege that such as comment was made, and the identity of any witnesses to the alleged statement.

**RESPONSE:**


**INTERROGATORY NO. 6**:  Describe in detail all facts upon which you base your allegation that you relied on the statements made by Defendant's Security Manager and did not pursue any other means to ensure the continuation of your security clearances.

**RESPONSE:**

**INTERROGATORY NO. 7**:  Describe in detail all facts upon which you base your allegation that your security clearance was revoked because of Defendant's failure to transfer such security clearances in a timely manner.

**RESPONSE**:


**INTERROGATORY NO. 8**:  Describe in detail all facts upon which you base your allegation that you have been unable to secure subsequent employment as set forth in your Complaint and/or Second Amended Complaint.

**RESPONSE**:


**INTERROGATORY NO. 9**:  Describe in detail all facts upon which you base your allegation that Defendant owed you a duty when it allegedly assured you during your pre-employment negotiations that it would facilitate the transfer of your security clearances upon your resignation from your employment with the CIA.

**RESPONSE**:


**INTERROGATORY NO. 10**:  Describe in detail all facts upon which you base your allegation that Defendant breached a duty to you when it allegedly failed to promptly facilitate the transfer as set forth in your Complaint and/or Second Amended Complaint.

**RESPONSE**:


**INTERROGATORY NO. 11**:  Describe in detail all facts upon which you base your allegation that Defendant allegedly knew that you would rely upon the assertions set forth in your

Complaint and/or Second Amended Complaint when you resigned your employment with the CIA.

**RESPONSE**:


**INTERROGATORY NO. 12**:  Describe in detail all facts upon which you base your allegation that there is a proximate cause and injury to you and your family solely due to Defendant's alleged breach of a duty owed to you.

**RESPONSE**:


**INTERROGATORY NO. 13**:  Describe in detail all facts upon which you base your allegation that you cannot become re-employed in the intelligence community until Defendant sponsors you by facilitating your applications for clearance.

**RESPONSE**:


**INTERROGATORY NO. 14**:  Describe in detail all facts upon which you base your allegation that you have sustained dire financial consequences and detriment to your career solely as a result of Defendant's alleged breach of a duty.

**RESPONSE**:


**INTERROGATORY NO. 15**:  Please identify each document not previously identified that you claim may support the allegations contained in your Complaint and/or Second Amended Complaint, including the name or title of the document, the author of the document, the general subject matter of the document, where a copy of the document is located, and the bates stamp

number(s) if the document is being produced in response to Defendant's Request for Production of Documents.

**RESPONSE**:

**INTERROGATORY NO. 16**: Please itemize and fully describe each and every element of damages which you seek to recover in this lawsuit.

**RESPONSE**:

**INTERROGATORY NO. 17**: Describe in detail all facts which support your allegation as set forth in your prayer for relief regarding any emotional distress you claim to have suffered.

**RESPONSE**:

**INTERROGATORY NO. 18**: Describe in detail the manner by which you calculated compensatory damages in excess of $50,000, including, but not limited to, how the amount was calculated, what documents were relied upon to calculate the amount, the person calculating the amount, and the method of calculating the amount.

**RESPONSE**:

**INTERROGATORY NO. 19**: Describe in detail the manner by which you calculated punitive damages in the amount of $1,250,000.00, including, but not limited to, how the amount was calculated, what documents were relied upon to calculate the amount, the person calculating the amount, and the method of calculating the amount.

**RESPONSE**:

**INTERROGATORY NO. 20**:  Describe in detail the manner by which you calculated damages in the amount of $50,000 for lost wages, humiliation, and embarrassment you claim in accordance with Maryland law, including, but not limited to, how the amount was calculated, what documents were relied upon to calculate the amount, the person calculating the amount, and the method of calculating the amount.

**RESPONSE**:


**INTERROGATORY NO. 21**:  Describe in detail the manner by which you calculated punitive damages in the amount of $250,000 you claim in accordance with Maryland law, including, but not limited to, how the amount was calculated, what documents were relied upon to calculate the amount, the person calculating the amount, and the method of calculating the amount.

**RESPONSE**:


**INTERROGATORY NO. 22**:  Identify each person that you expect to call as an expert witness at trial, and for each such expert, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, summarize the grounds for each opinion, and identify (or, in the alternative, attach copies of) all documents provided to the expert and all reports including draft reports received from the expert.

**RESPONSE**:


**INTERROGATORY NO. 23**:  Identify each person that you expect to call as a fact witness at trial, and for each such witness, state the subject matter on which the witness is expected to

testify, state the substance of the facts to which the witness is expected to testify and identify (or, in the alternative, attach copies of) all documents provided to or received from the witness.

**RESPONSE**:

**INTERROGATORY NO. 24**:  Describe in detail any complaints ever made by you to any person concerning any alleged discrimination of any type involving you or anyone else, during your employment with Defendant.

**RESPONSE**:

**INTERROGATORY NO. 25**:  Describe in detail any complaints ever made by you to any employer by whom you were employed prior to, and/or subsequent to, your employment with Defendant concerning any alleged discrimination of any type of you or anyone else.

**RESPONSE**:

**INTERROGATORY NO. 26**:  Describe in detail any and all filings for bankruptcy, including such information as the date of any such filing, the jurisdiction in which it was filed, the status of such filing and whether the bankruptcy has been discharged.

**RESPONSE**:

Dated this 3rd day of February, 2003..

Theresa M. Connolly
Bar No. 023780
Karen E. Gray
Bar No. 15339
PIPER RUDNICK LLP
1775 Wiehle Avenue
Reston, Virginia 20190
(703) 773-4007

Counsel for Defendant
The Windermere Group, L.L.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd, day of February, 2003, a copy of the foregoing Defendant's First Request for Production of Documents was deposited in the United States mail, first class, postage prepaid, addressed to:

Nathaniel D. Johnson, Esquire
3475 Leonardtown Road
Suite 105
Waldorf, Maryland 20602

Counsel for Plaintiff
Nancy Cave

Karen E. Gray

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| NANCY CAVE<br><br>       Plaintiff,<br><br>v.<br><br>THE WINDERMERE GROUP, L.L.C.<br><br>       Defendant. | Civil Action No.:  L02 CV 825 |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 104, Defendant The Windermere Group, L.L.C. (hereinafter "Windermere" or "Defendant"), requests Plaintiff Nancy Cave to respond to the following requests for production of documents in writing under oath within thirty (30) days of service hereof.

## INSTRUCTIONS

1.    These requests call for information (including information contained in any document or writing) which has not been previously provided to Defendant that is known or available to you, including all information in the possession or control of any of your attorneys, accountants, employees, agents or representatives.

2    In responding to these requests, furnish all information, however obtained, that is available to you and information known by or in the possession of yourself, your agents, and your attorneys, or appearing in your records.

3.    If you cannot respond to any of these requests fully and completely, after exercising reasonable effort and due diligence to secure the information requested, you should so

state and respond to each such request to the fullest extent possible, specifying your inability to respond to the remainder, stating whatever information or knowledge you have concerning the portion to which you are not responding, and detailing what you did in attempting to secure the unknown information. You have a continuing duty to supplement your responses herein in a prompt and timely manner.

4.    If you should make any objection(s) to any request on the ground that it calls for the disclosure of a communication or information protected from discovery by any privilege or doctrine, including, but not limited to, the attorney-client privilege or attorney work product doctrine, you must specify the nature of the privilege or doctrine claimed, describe the precise ground of your claim of privilege, and identify the communication or information that you claim is privileged.

5.    Whenever the context permits, the masculine refers to and includes the feminine and the neuter. The singular refers to and includes the plural, the plural refers to and includes the singular, and the conjunctive shall include the disjunctive and vice versa (e.g., the word "and" as well as the word "or" shall mean and include "and/or").

6.    Each request must be responded to completely and fully without reference to any other request.

7.    If any document herein requested was formerly in your possession, custody, or control, and has been lost or destroyed, you are requested to submit, in lieu of each such document, a written statement which:

(a) Describes in detail the nature of the document and its contents;

(b) Identifies the person who prepared or authored the document and if applicable, the person or persons to whom the document was sent;

(c)  Specifies the date on which the document was prepared or transmitted or both; and

(d)  Specifies, if possible, the date on which the document was lost or destroyed, the conditions or reasons for such destruction, and the person requesting and performing the destruction.

8.     Each Request herein which requires supporting documentation to respond, contemplates full production of said documents and information without abbreviation or expurgation.

## DEFINITIONS

1.     "You" and "your" and "Plaintiff" mean Plaintiff Nancy Cave.

2.     "Defendant" means Defendant The Windermere Group, L.L.C. and all other named and unnamed defendants.

3.     "Complaint" means the Civil Complaint for Damages filed by Plaintiff in the United States District Court for the District of Maryland, Southern Division, in or about March 2002, and the Second Amended Civil Complaint for Damages filed by Plaintiff in the United States District Court for the District of Maryland, Southern Division, in or about June 2002.

4.     "Identify," with respect to persons, means list the name, business or home address and telephone number of the person.

5.     "Document" refers to any written, recorded or graphic representation, e-mail or voice-mail, documents that have been optically scanned and/or stored on CD-ROM, correspondence, telexes, written communications, notes, jottings, memoranda, telegrams, records, reports, computer printouts, calculations, worksheets, written agreements, diaries, summaries, tape recordings or transcripts of conversations or meetings, statistics, studies,

receipts, checks, invoices and bills, however and by whomever prepared, disseminated or made, produced or reproduced, and all copies and drafts thereof, in your possession, custody or control from whatever source, whether or not prepared by you.

Document shall also refer to any electronic recording or representation of information including, but not limited to, computer tapes, computer files whether on magnetic disk or magnetic tape, videotapes, films and photographs and any draft or carbon or photographic copy of any such material, the content of which differs in any respect from the original. Any copy of a document differing in any respect from the original shall be deemed a separate copy.

6.    "Health care provider" includes, but is not limited to, any medical doctor, dentist, psychiatrist, psychologist, therapist, counselor, chiropractor, marriage and family therapist and any other person providing said or similar services.

7.    "Address" means the street address including the city, state and zip code.

8.    "Lawsuit" includes all matters before a federal, state or local administrative agency, criminal suits in any state or federal court, and civil suits in any state or federal court.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**:

Any and all documents which support or refer to any of the allegations contained in your Complaint and/or your Second Amended Complaint.

**RESPONSE:**

**REQUEST NO. 2**:

Any and all documents which you contend support the allegations set forth within your Complaint and/or your Second Amended Complaint that you were subjected to disparate treatment in the formation and enforcement of a contract in violation of 42 U.S.C. § 1981.

**RESPONSE:**

**REQUEST NO. 3**:

Any and all documents which you contend support the allegations set forth within your Complaint and/or Second Amended Complaint that Defendant an implied contract or should otherwise be subject to promissory estoppel.

**RESPONSE:**

**REQUEST NO. 4**:

Any and all documents which you contend support the allegations set forth within your Complaint and/or Second Amended Complaint that Defendant negligently misrepresented facts and/or any information.

**RESPONSE:**

**REQUEST NO. 5**:

Any and all documents which you contend support the allegations set forth within your Complaint and/or Second Amended Complaint that you relied on a representation made by Defendant and that such reliance was to your detriment.

**RESPONSE:**

**REQUEST NO. 6:**

      Any and all documents which you contend support the allegations set forth within your

Complaint and/or Second Amended Complaint that Defendant's actions or inactions caused you

to lose employment opportunities.

**RESPONSE:**

**REQUEST NO. 7:**

      Any and all documents which support your claim of emotional distress as set forth in your

prayer for relief, including but not limited to, any and all hospital records, including test results,

any and all medical records for physicians, chiropractors, or other health care providers, any and

all physical therapy records, any and all psychological counseling records, any and all bills or

receipts relating to expenses (e.g., medical bills, prescription receipts and bills).

**RESPONSE:**

**REQUEST NO. 8:**

      Any and all documents concerning the nature, basis, amount and/or manner of

computation of all monetary, declaratory and/or equitable relief you seek, including but not

limited to, any alleged damages for lost wages, employment benefits or other compensation,

mental and/or emotional distress, and any other monetary and non-monetary benefits, injunctive

relief, and general damages as set forth in your Complaint and/or Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 9**:

Any and all documents that constitute any policy, procedure, handbook, manual, or written practice of the Defendant that are related to the allegations contained in your Complaint and/or Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 10**:

Any and all documents submitted on your behalf to any state or federal agency regarding the allegations contained in your Complaint and/or Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 11**:

Any and all documents and/or communications which discuss the circumstances of your employment with Defendant and/or your termination from Defendant (excluding privileged communications between you and your attorney).

**RESPONSE:**


**REQUEST NO. 12**:

Any and all documents which support your allegations or in any way refer to your claims for full back pay, reimbursement for all loss of insurance coverage, Social Security and other

monetary and non-monetary benefits, injunctive relief, and general damages as set forth in your

Complaint and/or Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 13**:

Any and all documents which refer, relate, pertain or otherwise support any of the

allegations contained in your Complaint and/or Second Amended Complaint.

**RESPONSE:**


**REQUEST NO. 14**:

Any and all employment records, including but not limited to, personnel files,

employment applications, documents reflecting leaves of absence, counseling, discipline

imposed upon you, reasons for termination and/or disciplinary action, and payroll records from

all entities with whom you were employed, including, without limitation, Defendant since

January, 2001.

**RESPONSE:**


**REQUEST NO. 15**:

Any and all written or recorded statements, affidavits or declarations you have obtained

from any individual regarding this case.

**RESPONSE:**

**REQUEST NO. 16**:

Any and all federal, state and local tax returns prepared by or on behalf of you for the tax years 2000, 2001 and 2002.

**RESPONSE:**

**REQUEST NO. 17**:

Any and all calendars, desk diaries, and other documents that recorded your appointments and daily schedule from January 2001 to the present.

**RESPONSE:**

**REQUEST NO. 18**:

Any and all diaries and/or other documents in which you recorded activities, facts, events, personal thoughts and/or mental impressions from January 2001 to the present.

**RESPONSE:**

**REQUEST NO. 19**:

Any and all correspondence to and from Defendant and other documents relating to or mentioning Defendant from January 2001 to the present.

**RESPONSE:**

**REQUEST NO. 20**:

Any and all documents relating, regarding, referring and/or pertaining to any complaints ever made by you to any person concerning any alleged discrimination of any type during your employment with Defendant.

**RESPONSE:**

**REQUEST NO. 21**:

Any and all documents relating, regarding, referring and/or pertaining to any complaints ever made by you to or about any employer by whom you were employed prior to, and subsequent to, your employment with Defendant concerning any alleged discrimination of any type.

**RESPONSE:**

**REQUEST NO. 22**:

Any and all documents concerning your attempts to procure employment from August 2001 to the present the employ of Defendant, including but not limited to, copies of resumes or job applications submitted to prospective employers, and rejection letters, offer letters or any other correspondence you received from a prospective employer.

**RESPONSE:**

**REQUEST NO. 23**:

Any and all documents evidencing any employment you have held since August 2001, including but not limited to, compensation received, rate or method of pay, health benefits, life benefits, disability insurance benefits, pension benefits, 401K and profit sharing.

**RESPONSE:**

**REQUEST NO. 24:** Any and all documents related to any petitions for bankruptcy or bankruptcy-related document filed, prepared or signed by you.

**RESPONSE:**

**REQUEST NO. 25**:

Any and all documents received in response to any subpoenas issued in this case.

**RESPONSE:**

**REQUEST NO. 26**:

Any and all documents relating to any civil suit or criminal charge brought against you within the last five (5) years.

**RESPONSE:**

Dated this 3rd day of February, 2003.

Theresa M. Connolly
Bar No. 023780
Karen E. Gray
Bar No. 15339
PIPER RUDNICK LLP
1775 Wiehle Avenue
Reston, Virginia 20190
(703) 773-4007

Counsel for Defendant
The Windermere Group, L.L.C.

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of February, 2003, a copy of the foregoing

Defendant's First Request for Production of Documents was deposited in the United States mail,

first class, postage prepaid, addressed to:


Nathaniel D. Johnson, Esquire
3475 Leonardtown Road
Suite 105
Waldorf, Maryland 20602

Counsel for Plaintiff
Nancy Cave

Karen E. Gray